UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| CORNELIUS WILLIAMS, JR., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:16-CV-102 RLW |
| GEORGE LOMBARDI, et al., | ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Plaintiff seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. The motion is granted.

**Standard of Review**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## The Complaint

Plaintiff was incarcerated at the Southeast Correctional Center when he filed this action, but he has since been released. He alleges that he has Hepatitis C and that Drs. Hakala and Rayford refused to give him treatment even though is ammonia levels were elevated. He claims that defendant Lizenbee, a nurse, did not always document his complaints and interfered with his treatment. And he alleges that Corizon, Inc., had a policy of refusing treatment to Hepatitis C patients because it is expensive.

Plaintiff seeks to hold defendants Lombardi and Wallace liable as a result of their supervisory duties.

## Discussion

The Court will direct the Clerk to serve process on defendants Hakala, Rayford, Lizenbee, and Corizon.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995) ("a general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability."). Plaintiff's allegations do not show that Lombardi or Wallace were directly responsible for the alleged harm. Therefore, these defendants are dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 3] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk is directed to serve process on defendants Corizon, Inc., Michael Hakala, Cleveland Rayford, and Becky Lizenbee.

**IT IS FURTHER ORDERED** that defendants George Lombardi and Ian Wallace are **DISMISSED** without prejudice.

**IT IS HEREBY ORDERED** that plaintiff's motion to enjoin defendants from retaliating against him [ECF No. 2] is **MOOT**.

An Order of Partial Dismissal will be filed separately.

Dated this 8th day of August, 2016.

/s/ Ronnie L. White
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE