**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| CORNELIUS WILLIAMS, JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:16CV102 RLW |
| GEORGE LOMBARDI, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Appointment of Counsel (ECF No. 4). Upon review of the record, the Court will deny Plaintiff's motion.

## Background

On May 18, 2016, Plaintiff filed a Prisoner Civil Rights Complaint under 42 U.S.C. § 1983. Plaintiff was incarcerated at the Southeast Correctional Center ("SECC") when he filed this action; however, he has since been released. Plaintiff alleges that he has Hepatitis C and that, while incarcerated at the SECC, Dr. Michael Hakala and Dr. Cleveland Rayford refused to give him treatment even though is ammonia levels were elevated. He further claims that Defendant Becky Lizenbee, a nurse, did not always document his complaints and interfered with his treatment. Finally, he alleges that Corizon, LLC, had a policy of refusing treatment to Hepatitis C patients because treatment is expensive. Plaintiff also sought to hold Defendants George Lombardi and Ian Wallace liable as a result of their supervisory duties. However, on August 8, 2016, this Court dismissed those parties. (ECF No. 11)

On that same date, this Court also granted Plaintiff's Motion to Proceed *In Forma Pauperis*. (ECF No. 10) Currently pending is Plaintiff's Motion for Appointment of Counsel.

(ECF No. 4) Plaintiff claims that because of his poverty, he is unable to pay a reasonable attorney fee or obtain legal counsel, despite diligent efforts to do so. (*Id.*)

## Discussion

"'Indigent civil litigants do not have a constitutional or statutory right to appointed counsel.'" *Davis v. Scott,* 94 F.3d 444, 447 (8th Cir. 1996) (quoting *Edgington v. Missouri Dep't of Corr.,* 52 F.3d 777, 780 (8th Cir. 1995)). When determining whether to appoint counsel for an indigent plaintiff, the Court should consider the factual and legal complexity of the case, the existence of conflicting testimony, and the ability of the indigent person to investigate the facts and present her claim. *Id.* (citing *Swope v. Cameron*, 73 F.3d 850, 852 (8th Cir. 1996)).

Upon review of Plaintiff's Complaint, the Court finds that appointment of counsel is not warranted at this time. The facts of this case are not complex. Plaintiff raises only one claim: Defendants failed and refused to properly treat his Hepatitis C virus while incarcerated at the SECC, demonstrating deliberate indifference to his medical needs. Further, the undersigned notes that Plaintiff has thus far clearly articulated and presented his legal claims to the Court, and he is able to investigate the facts of his case. Because the facts and the legal issues of this case are not complex, the undersigned finds that at this time Plaintiff's motion should be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Appointment of Counsel (ECF No. 4) is **DENIED** without prejudice.

Dated this 21st day of November, 2016.

RONNIE L. WHITE
**UNITED STATES DISTRICT JUDGE**