UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CORNELIUS WILLIAMS, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:16CV102 RLW |
| ) | |
| GEORGE LOMBARDI, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motions for Appointment of Counsel (ECF Nos. 4). Upon review of the record, the Court will deny Plaintiff's motion.

## Background

On May 18, 2016, Plaintiff filed a Prisoner Civil Rights Complaint under 42 U.S.C. § 1983. Plaintiff was incarcerated at the Southeast Correctional Center ("SECC") when he filed this action; however, he has since been released. Plaintiff alleges that he has Hepatitis C and that, while incarcerated at the SECC, Dr. Michael Hakala and Dr. Cleveland Rayford refused to give him treatment even though is ammonia levels were elevated. He further claims that Defendant Becky Lizenbee, a nurse, did not always document his complaints and interfered with his treatment. Finally, he alleges that Corizon, LLC, had a policy of refusing treatment to Hepatitis C patients because treatment is expensive. Plaintiff also sought to hold Defendants George Lombardi and Ian Wallace liable as a result of their supervisory duties. However, on August 8, 2016, this Court dismissed those parties. (ECF No. 11)

On that same date, this Court also granted Plaintiff's Motion to Proceed *in forma pauperis*. (ECF No. 10) On October 12, 2016, this Court entered a Case Management Order

setting forth, *inter alia*, the discovery deadlines in this cause of action. Currently pending are Plaintiff's Motions for Appointment of Counsel. (ECF Nos. 18, 25) Plaintiff claims that because of his poverty, he is unable to pay a reasonable attorney fee or obtain legal counsel, despite diligent efforts to do so. (*Id.*) Additionally, Defendants have filed a Motion to Dismiss for Failure to Cooperate in Discovery and Failure to Prosecute. (ECF No. 19)

## Discussion

"'Indigent civil litigants do not have a constitutional or statutory right to appointed counsel.'" *Davis v. Scott,* 94 F.3d 444, 447 (8th Cir. 1996) (quoting *Edgington v. Missouri Dep't of Corr.,* 52 F.3d 777, 780 (8th Cir. 1995)). When determining whether to appoint counsel for an indigent plaintiff, the Court should consider the factual and legal complexity of the case, the existence of conflicting testimony, and the ability of the indigent person to investigate the facts and present her claim. *Id.* (citing *Swope v. Cameron*, 73 F.3d 850, 852 (8th Cir. 1996)).

Upon review of Plaintiff's Complaint, the Court finds that appointment of counsel is not warranted at this time. The facts of this case are not complex. Plaintiff raises only one claim: Defendants failed and refused to properly treat his Hepatitis C virus while incarcerated at the SECC, demonstrating deliberate indifference to his medical needs. Further, the undersigned notes that Plaintiff has thus far clearly articulated and presented his legal claims to the Court, and he is able to investigate the facts of his case. While Plaintiff contends that he has disabilities preventing him from litigating his case, the Court notes that Plaintiff has been able to file several motions and responses, as well as another federal Complaint for relief under § 1983 and the

2

Americans with Disabilities Act ("ADA").[1] Because the facts and the legal issues of this case are not complex, the undersigned finds that at this time Plaintiff's motion should be denied.

In addition, the Court notes Defendants' Motion to Dismiss for Failure to Cooperate in Discovery and Failure to Prosecute. Defendants argue that Plaintiff has failed to respond to their request for initial disclosures, interrogatories, requests for production of documents, and notice of deposition. Defendants request that the Court dismiss Plaintiff's Complaint as a sanction for failing to attend his deposition, failing to respond to discovery requests, and failing to otherwise prosecute or comply with the Federal Rules of Procedure and Orders of this Court.

"A pro se litigant is bound by the litigation rules as is a lawyer, particularly here with the fulfilling of simple requirements of discovery." *Lindstedt v. City of Granby*, 238 F.3d 933, 937 (8th Cir. 2000); *see also Escobar v. Cross*, No. 4:12CV00023-JJV, 2013 WL 709113, at *1 (E.D. Ark. Feb. 27, 2013) ("Pro se litigants are required to follow the same rules of procedure, including the local court rules, that govern other litigants."). As this Court has denied Plaintiff's request for appointed counsel, Plaintiff is responsible as a pro se litigant for following all rules and orders, including the Case Management Order with regard to discovery. Although Plaintiff has not done so, the Court will afford Mr. Williams the opportunity to show cause why this case should not be dismissed for failure to prosecute or otherwise comply with the rules and Orders of this Court.

Accordingly,

---

[1] On June 24, 2016, Plaintiff filed a Complaint against Ian Wallace, the warden of SECC; Omar Clark, the deputy warden of SECC; Corizon, Inc.; Becky Lizenbee; Carl Jacobsen; and Jay Gorham. *Williams v. Wallace, et al.*, No. 1:16CV161 SNLJ. The court dismissed defendants Corizon, Inc., and Becky Lizenbee on August 16, 2016. (ECF No. 8) Plaintiff also filed § 1983 cases in 2013 and 2014, respectively. *See Williams v. Lombardi, et al.*, No. 1:13CV50 LMB; *Williams v. Lombardi, et al.*, No. 1:14CV105 ACL.

3

**IT IS HEREBY ORDERED** that Plaintiff's Motions for Appointment of Counsel (ECF Nos. 18, 25) are **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff shall Show Cause, in writing and no later than **April 24, 2017** why this case should not be dismissed for failure to prosecute and failure to comply with local and federal rules and the Orders of this Court, including the Case Management Order related to discovery.

Dated this 10th day of April, 2017.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**