UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

CORNELIUS WILLIAMS, JR., )
)
Plaintiff, )
)
v. ) No. 1:16CV102 RLW
)
GEORGE LOMBARDI, et al., )
)
Defendants. )

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss for Failure to Cooperate in Discovery and Failure to Prosecute (ECF No. 19). Plaintiff filed a response in opposition, and the Defendants filed a reply. In addition, on April 10, 2017, the Court ordered Plaintiff to show cause why the case should not be dismissed for failure to prosecute and failure to comply with local and federal rules and the Orders of the Court. Plaintiff filed his response to the show cause order on April 24, 2017.

## Background

On May 18, 2016, Plaintiff filed a Prisoner Civil Rights Complaint under 42 U.S.C. § 1983. Plaintiff was incarcerated at the Southeast Correctional Center ("SECC") when he filed this action; however, he has since been released. Plaintiff alleges that he has Hepatitis C and that, while incarcerated at the SECC, Dr. Michael Hakala and Dr. Cleveland Rayford refused to give him treatment even though is ammonia levels were elevated. He further claims that Defendant Becky Lizenbee, a nurse, did not always document his complaints and interfered with his treatment. Finally, he alleges that Corizon, LLC, had a policy of refusing treatment to Hepatitis C patients because treatment is expensive. Plaintiff also sought to hold Defendants

George Lombardi and Ian Wallace liable as a result of their supervisory duties. However, on August 8, 2016, the Court dismissed those parties. (ECF No. 11) On that same date, this Court also granted Plaintiff's Motion to Proceed *in forma pauperis*. (ECF No. 10)

On October 12, 2016, this Court entered a Case Management Order ("CMO") setting forth, *inter alia*, the discovery deadlines in this cause of action. The CMO specified that no later than November 14, 2016, the Plaintiff must submit to the Defendants a list of all persons having knowledge or information of the facts giving rise to Plaintiff's claim, as well as all documents Plaintiff believes support his claim. (CMO ¶ 3, ECF No. 16) The CMO further provided, "[f]ailure to make the above disclosures may result in sanctions, including dismissal, entry of default judgment or any other sanction that the Court deems just." (*Id.*) Additionally, the CMO set the discovery completion date as January 16, 2017. (CMO ¶ 4)

On February 16, Defendants filed a Motion to Dismiss for Failure to Cooperate in Discovery and Failure to Prosecute, asserting that Plaintiff failed to serve initial disclosures, respond to interrogatories and requests for production of documents, and appear for his scheduled deposition. (ECF No. 19) In his response in opposition to the motion to dismiss and response to show cause order,[1] Plaintiff does not address his failure to comply with the discovery deadlines set forth in the CMO.

## **Discussion**

Under Rule 41(b) of the Federal Rules of Civil Procedure, a district court may dismiss a case "[i[f the plaintiff fails to prosecute or to comply with these rules or a court order . . . ." Fed.

---

[1] On April 10, 2017, the Court denied Plaintiff's motions for appointment of counsel and advised Plaintiff that as a pro se litigant, he is bound by the litigation rules, including discovery requirements. The Court also advised Plaintiff that he is responsible for following all rules and orders, including the CMO. The Court then gave Plaintiff the opportunity to further address his failure to prosecute or comply with court orders. (ECF No. 27)

2

R. Civ. P. 41(b). Unless the order states otherwise, a dismissal under Rule 41(b) operates as an adjudication on the merits. *Id.* "Because dismissal with prejudice is an extreme sanction, it should be employed only in cases of willful disobedience of a court order or persistent failure to prosecute a complaint. *Devoto v. Corizon, Inc.*, No. 2:13CV00019 ERW, 2014 WL 294326, at *3 (E.D. Mo. Jan. 27, 2014)) (citation omitted). "The district court need not find that the party acted in bad faith, but only that [he] acted intentionally as opposed to accidentally or involuntarily." *Doe v. Cassel*, 403 F.3d 986, 990 (8th Cir. 2005) (citation omitted).

The Court is aware of the liberal pleading standards afforded to *pro se* litigants. However, in the instant case, Plaintiff has failed to comply with Orders of this Court, including the discovery deadlines in the CMO. In particular, Plaintiff failed to appear at his scheduled deposition on January 4, 2017 or answer any of Defendants' interrogatories or requests for production of documents.[2] Such failure to engage in the discovery process has delayed the progress of the litigation and hindered Defendants' ability to prepare a defense or file a timely motion for summary judgment.[3] Further, despite the Court's explicit order that Plaintiff show cause "why this case should not be dismissed for failure to prosecute and failure to comply with local and federal rules and the Orders of this Court, including the Case Management Order related to discovery," Plaintiff's response is silent as to these issues. The Court has advised Plaintiff of his responsibilities with regard to following Court Orders and discovery rules, as well as afforded Plaintiff opportunities to address his failure to fulfill these responsibilities. Thus, the

---

[2] Rule 37(d) of the Federal Rules of Civil Procedure allows the Court to order sanctions, including dismissal, where a party fails to appear at a properly noticed deposition or fails to answer discovery requests. Fed. R. Civ. P. 37(d)(1)(A); *Aziz v. Wright*, 34 F.3d 587, 589 (8th Cir. 1994) ("Federal Rule of Civil Procedure 37(d) allows the district court to, among other sanctions, dismiss an action if a party 'fails to appear' for his or her deposition.").

[3] The Court granted the Defendants' motion to stay summary judgment deadline on February 22, 2017.

Court finds that dismissal for failure to prosecute and failure to comply with court orders is warranted in this case. *See Devoto*, 2014 WL 294326, at *3 (dismissing plaintiff's complaint for failure to prosecute where the plaintiff failed to respond to discovery requests, ignored defendant's motion to dismiss, and failed to respond to the court's order to show cause why the motion to dismiss should not be granted). However, in light of Plaintiff's alleged ongoing health issues, the Court finds that dismissal without prejudice is the appropriate sanction in this case. *See Harris v. Forest Park Hosp.*, 335 Fed. App'x 665 (8th Cir. 2009) (affirming district court's dismissal of plaintiff's § 1983 action without prejudice due to plaintiff's failure to comply with the court's order directing him to provide defendants' names and addresses to effectuate service after two extensions of time).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss for Failure to Cooperate in Discovery and Failure to Prosecute (ECF No. 19) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Prisoner Civil Rights Complaint under 42 U.S.C. § 1983 is **DISMISSED** without prejudice for failure to prosecute or otherwise comply with Orders of this Court. A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 16th day of May, 2017.

RONNIE L. WHITE
**UNITED STATES DISTRICT JUDGE**